IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUAL MARKO DENG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-61 |
| | § | |
| JAMES ROBERT PARKER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PAUPER STATUS AND DISMISS PLAINTIFF'S COMPLAINT**

This case is referred to the undersigned magistrate for pretrial purposes. Lual Marko Deng (hereinafter "Deng"), the plaintiff in this matter, proceeding pro se filed an application to proceed without prepayment of fees [ECF 4]. The Court has made a preliminary review of Deng's complaint in accordance with consideration of his application to proceed without paying costs. Having reviewed the complaint, the undersigned denies the motion to proceed without payment of fees and recommends the complaint be dismissed without prejudice.

In his complaint, Deng alleges his orthopedic surgeon, Dr. James Robert Parker (hereinafter "Parker"), has violated his civil rights. Deng also alleges Parker committed medical malpractice, conspired against him with unnamed other individuals or parties, breached a contract, discriminated against him as a patient, and violated his constitutional rights to freedom of religion and freedom of speech. Deng alleges Parker accomplished these violations by implanting a microchip into his knee during a surgery to repair his ACL in April of 2016.

Deng alleges the microchip implanted in his right knee has caused the loss of intellectual property by allowing the media to access his thoughts and ideas in 2017. Deng alleges he

confronted Parker regarding the implanted microchip and Parker suggested mental health treatment rather than removal of the chip. Deng seeks relief in the form of a new surgeon to remove the implanted microchip.

The *in forma pauperis* statute, 28 U.S.C. § 1915(d), authorizes courts to dismiss an *in forma pauperis* claim if the action is "frivolous." Among the factual claims subject to § 1915(d) dismissal as frivolous "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Hill v. Obama*, 2011 WL 6969691, at *1 (E.D. Tex. Dec. 21, 2011) (citing *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

This Court should *sua sponte*, by its own motion, examine its jurisdiction before considering the merits of a case. *Hill* at *1 (citing *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995)). After having examined Deng's claims, the Court concludes that the complaint does not properly invoke either federal question or diversity jurisdiction as required for the Court to consider this matter.

Pro se plaintiffs are afforded significant latitude in presenting their claims to the courts, as they are held to a lower standard in their filings; however, even if this Court were to allow plaintiff time to amend his complaint, the facts alleged therein are delusional and it would be futile to attempt to amend the claims. *See id.* at *1-2 (citing *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (holding that a pro se complaint can be dismissed without providing the plaintiff the opportunity to amend if such amendment would prove futile)).

For these reasons, the Court denies Deng's motion to proceed without payment of fees and further recommends Deng's complaint be DISMISSED WITHOUT PREJUDICE AS FRIVOLOUS.

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on May 1, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).