IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUAL MARKO DENG, | § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-61 |
| JAMES ROBERT PARKER, et al. | § § § | |
| Defendants. | § | |

## AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

Lual Marko Deng (hereinafter "Deng"), the *pro se* plaintiff in this matter, filed an amended complaint and paid the filing fee after an initial screening conducted pursuant to his request for pauper status resulted in a recommendation for dismissal of his complaint. In addressing any *pro se* litigant's complaint, the Court must construe the allegations made by the plaintiff liberally. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even reviewing Deng's claims under this lenient standard, the Court finds Deng's claims must be dismissed as set forth in this recommendation.

In his amended complaint, Deng renews his allegations against his orthopedic surgeon, Dr. James Robert Parker (hereinafter "Parker"). Deng alleges Parker committed medical malpractice, conspired against him with unnamed other individuals or parties, breached a contract, discriminated against him as a patient, and violated his constitutional rights to freedom of religion and freedom of speech. Deng alleges Parker accomplished these violations by implanting a microchip into his knee during a surgery to repair his ACL in April of 2016. Deng claims this microchip allows others, including the media and other named defendants, to access

his thoughts and ideas. Further, he claims this access allows others to steal his intellectual property and to discriminate against him unfairly.

Deng's amended complaint adds additional parties to his original suit, including local hospitals and care facilities, regional restaurants and restaurant employees, as well as Parker's orthopedic surgery business.

Even in cases where a non-prisoner *pro se* litigant has paid the filing fee, a court is authorized to conduct limited screening to confirm that subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (federal courts have a duty to evaluate their own jurisdiction, *sua sponte* if necessary). Deng is not a prisoner; nor is he proceeding in forma pauperis. Therefore, the screening provisions of Title 28 U.S.C. §§ 1915 and 1915A are not applicable. In *Apple v. Glenn*, the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). *Sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480 (*citing Dilworth v. Dallas Cnty. Comm'ty College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)).

Dismissal is required where the allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the district court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414

U.S. 661, 666-67 (1974). A complaint that presents no substantial federal question necessarily states no federal claim and can be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought anywhere.

In his amended complaint, Deng does not articulate a non-frivolous cause of action or claim for relief over which this Court has jurisdiction. At most, Deng has articulated a state court claim of negligence against Parker, although Deng acknowledges the knee surgery was performed adequately, excluding the device Deng claims was implanted during the surgery. Deng's claims of microchipping his knee to read his thoughts and the use of those thoughts to discriminate against him or steal intellectual property are so implausible as to fail to invoke this Court's jurisdiction. *See id.*

For these reasons, the Court DENIES Deng's motions for hearings, service on defendants, default judgment, clarification, and other miscellaneous motions [ECF 11, 12, 14, 15, 18, 19, and 20]. Further, this Court recommends Deng's complaint be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The United States District Clerk is directed to send a copy of this Amended Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 22, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).